# Exhibit A

| STATE OF NORTH CAROLINA | File No. 19CVS23258 |
|---|---|
| MECKLENBURG County | In The General Court Of Justice<br>☐ District  ☒ Superior Court Division |

| Name Of Plaintiff |   |
|---|---|
| William Mackey | **CIVIL SUMMONS**<br>☐ ALIAS AND PLURIES SUMMONS (ASSESS FEE) |
| Address |   |
| Vennum Law, 8510 McAlpine Park Drive Suite 210 |   |
| City, State, Zip |   |
| Charlotte, NC 28211 |   |
| **VERSUS** | G.S. 1A-1, Rules 3 and 4 |
| Name Of Defendant(s) | Date Original Summons Issued |
| WELLS FARGO BANK, N.A. |   |
|  | Date(s) Subsequent Summons(es) Issued |

**To Each Of The Defendant(s) Named Below:**

| Name And Address Of Defendant 1 | Name And Address Of Defendant 2 |
|---|---|
| Wells Fargo Bank, N.A.<br>c/o Registered Agent Corporation Service Company<br>2626 Glenwood Avenue, Suite 550<br>Raleigh, NC 27608 |  |

⚠ **IMPORTANT!** You have been sued! These papers are legal documents, DO NOT throw these papers out! You have to respond within 30 days. You may want to talk with a lawyer about your case as soon as possible, and, if needed, speak with someone who reads English and can translate these papers!

¡**IMPORTANTE!** ¡Se ha entablado un proceso civil en su contra! Estos papeles son documentos legales. ¡NO TIRE estos papeles!
Tiene que contestar a más tardar en 30 días. ¡Puede querer consultar con un abogado lo antes posible acerca de su caso y, de ser necesario, hablar con alguien que lea inglés y que pueda traducir estos documentos!

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and
2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| Name And Address Of Plaintiff's Attorney (if none, Address Of Plaintiff) | Date Issued | Time |
|---|---|---|
| Elizabeth Vennum<br>Vennum Law<br>8510 McAlpine Park Drive, Suite 210<br>Charlotte, NC 28211 | 12-11-19 | 9:27 ☒ AM ☐ PM |
|  | Signature |  |
|  | ☒ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |  |

| ☐ **ENDORSEMENT (ASSESS FEE)**<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | Date Of Endorsement | Time<br>☐ AM ☐ PM |
|---|---|---|
|  | Signature |  |
|  | ☐ Deputy CSC  ☐ Assistant CSC  ☐ Clerk Of Superior Court |  |

**NOTE TO PARTIES:** *Many counties have **MANDATORY ARBITRATION** programs in which most cases where the amount in controversy is $25,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

(Over)

AOC-CV-100, Rev. 4/18
© 2018 Administrative Office of the Courts

| | **RETURN OF SERVICE** | |
|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

## DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

## DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name Of Defendant |
|---|---|---|
| | | |

☐ By delivering to the defendant named above a copy of the summons and complaint.

☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address Of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐ Other manner of service *(specify)*

☐ Defendant WAS NOT served for the following reason:

| Service Fee Paid $ | Signature Of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name Of Sheriff (type or print) |
| Date Of Return | County Of Sheriff |

AOC-CV-100, Side Two, Rev. 4/18
© 2018 Administrative Office of the Courts

```
STATE OF NORTH CAROLINA            IN THE GENERAL COURT OF JUSTICE
COUNTY OF MECKLENBURG                  SUPERIOR COURT DIVISION
                                       19-CVS-__23252__
```

| | |
|---|---|
| WILLIAM F. MACKEY, | **COMPLAINT** |
| | (Jury Demanded) |
| Plaintiff, | |
| v. | |
| WELLS FARGO BANK, N.A., | |
| Defendant. | |

NOW COMES Plaintiff, William F. Mackey, and alleges and complains of the Defendant as follows:

## PARTIES

1. Plaintiff, William F. Mackey ("Mr. Mackey"), is a citizen and resident of Charlotte, Mecklenburg County, North Carolina.

2. Defendant, Wells Fargo Bank, N.A. ("Wells Fargo" or the "Company"), is a foreign company which is authorized to do business in North Carolina.

3. All allegations contained herein against Defendant also refer to and include Defendant's principals, agents, employees, either directly or vicariously, under the principles of corporate liability, the completed and accepted doctrine, apparent authority, agency, ostensible agency, and/or respondeat superior, and that the acts, practices, and omissions of Defendant's employees and/or agents as such are imputed to their employer or principal, Wells Fargo Bank, N.A.

## JURISDICTION AND VENUE

4. The Superior Court has jurisdiction over this matter pursuant to N.C. Gen. Stat. § 7A - 243 as the amount in controversy exceeds twenty-five thousand dollars ($25,000).

5. Venue is proper in Mecklenburg County pursuant to N.C. Gen. Stat. § 1 - 77 as Mr. Mackey resides in Mecklenburg County, North Carolina, and the cause of action arose here.

## PROCEDURAL REQUIREMENTS

6. On December 3, 2018, Mr. Mackey filed a Form 5 Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC).

7. On September 13, 2019, Mr. Mackey received his Notice of Right to Sue from the EEOC (See attached Exhibit A).

8. Pursuant to N.C. Gen. Stat. § 1A-1, Rule 3(a), Mr. Mackey files this Complaint within ninety (90) days of receipt of the Notice of Right to Sue.

## NATURE OF ACTION

9. This is a proceeding to recover damages Wells Fargo caused by discriminating against Mr. Mackey in violation of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and § 1981A(a)(1) of the Civil Rights Act of 1991 ("§ 1981").

10. Specifically, Mr. Mackey seeks equitable relief, monetary relief, compensatory damages, attorney's fees and costs, and punitive damages pursuant to Title VII and § 1981.

## FACTUAL BACKGROUND

11. Mr. Mackey began working for Wells Fargo in 1998 as a Customer Service Representative.

12. In 2010, he applied for the role of Securities Operations Specialist III (SES III), and Wells Fargo, through its employee, Nancy Mank ("Ms. Mank"), hired him for that position.

13. Mr. Mackey remained an SES III until after he filed his Charge of Discrimination.

14. When Wells Fargo hired Mr. Mackey as an SES III, he was the only African-American male on his team (the Charlotte Fiduciary Tax Cost Team)(the "Team").[1]

### Mr. Mackey's Starting Salary

15. Each position at Wells Fargo has a designated salary range, the midpoint of which is the market rate for the company's competitors, and when a new employee is hired into that role, his or her starting salary is set within that range.

16. Wells Fargo typically starts its employees at the midpoint salary for a position.

17. However, when Ms. Mank hired Mr. Mackey as an SES III, she placed him near the bottom of the salary range with a starting salary of $33,134.00 when the midpoint salary at the time was $41,000.00.

18. Furthermore, there were no apparent concerns about Mr. Mackey's competency or experience which would justify placing him so uncustomarily low on the salary range.

19. Exemplifying this, Mr. Mackey performed at or above the expectations for his role from the day he began working as an SES III, as evidenced by years of his managers' consistently awarding him the maximum pay raise possible each year under Wells Fargo's compensation policies.

20. As these policies limited the raise increase available to an employee based on that employee's current compensation rate on the salary range, Mr. Mackey's annual raises were

---

[1] Laura Richardson, an African-American female, was the manager of the Team at that time, but she was still one of only a few African-Americans in the department where Mr. Mackey was the only African-American male.

3

limited to around a 2% increase per year because Wells Fargo set him so low on the salary range when it hired him.

21. In deed, even after eight years at Wells Fargo, Mackey never achieved the midpoint salary for his role as an SES III.

### Mr. Mackey's Job Position

22. At Wells Fargo, an employee's salary not only determines his salary increase ability, but also determines his promotion eligibility.

23. Regardless of the employee's qualifications and performance, he is not considered for an internal promotion unless his current salary is within a designated salary range.

24. This promotion policy long prevented Mr. Mackey from advancing within Wells Fargo, and despite his outstanding performance, Mr. Mackey remained an SES III while his peers, none of whom were African-American men, became eligible for and received promotions.

25. During this time, Mr. Mackey assumed the additional responsibilities and duties of an SES IV, had applied repeatedly for the role of SES IV, but, unlike his peers, could not reached the salary range to be promoted to SES IV.

26. In fact, as previously stated, Wells Fargo eventually promoted Mr. Mackey to SES IV after he filed his Charge of Discrimination, but did so despite the fact that he never reached the requisite salary range.

27. Prior to this seemingly reactionary promotion, Mr. Mackey questioned Wells Fargo's compensation and promotion structure during a Wells Fargo CEO Town Hall meeting in October of 2017.

28. Soon after this inquiry, Mr. Mackey and his manager, Danny Nekthen, were called in to a meeting with other members of Wells Fargo management.

29. In that meeting, the managers informed Mr. Mackey that Wells Fargo had taken advantage of him during the hiring process when it placed him near the bottom of the salary range for the role of SES III.

30. The managers in that meeting also commented that, had they been responsible for setting Mr. Mackey's original position on the salary range, they would not have placed him so low given his experience and qualifications at the time Wells Fargo hired him.

31. One manager acknowledged that, because the annual salary increase was contingent on an employee's current salary, Mr. Mackey could earn the maximum salary increase available every year for the rest of his career and still never reach the top of the salary range for his role in light of his low starting point.

### Mr. Mackey's Current Salary

32. Although Wells Fargo circumvented its promotion policy, it continued to pay him below the market midpoint salary for an SES IV.

33. For an SES IV, the lowest salary on the range is $41,000, the midpoint market salary is $58,000, and the highest salary is $74,000.

34. Mackey's current salary is $51,584, well below market rate for his role.

35. Again, Wells Fargo's salary increase policy will delay Mr. Mackey from earning even the average amount paid to similarly situated employees for several years.

36. Accordingly, Wells Fargo continues to under-pay Mr. Mackey despite his qualifications, great performance reviews, and recent promotion.

37. On February 22, 2019, Mr. Mackey's regular paycheck included a payment of $21,788.31 labelled "Retro Active Pay", a gesture he certainly appreciated, but given the vast discrepancy in his pay for the past ten years, the $21,788.31 fell far short of awarding complete relief or eradicating the effects of discrimination.

38. If, instead of receiving compensation below the appropriate range for the past nine years, Mr. Mackey was paid at 75% of the range, he would have received $46,650 annually, around $419,850 total (estimated "rightful earnings") from 2010 to early 2019.

39. This estimated total does not include the merit raises Mr. Mackey earned but failed to receive because of the fixed compensation scheme.

40. Mr. Mackey's actual income during that nine-year period was $330,878, which falls $88,972 below his rightful earnings.

41. In his current role, if Wells Fargo paid Mr. Mackey 75% of the proper range, he would be earning $55,650 annually instead of his current salary of $51,584.

42. Mr. Mackey learned in his meeting with management that because of his low salary, he was eligible for an incentive compensation plan, but for an unknown reason Wells Fargo failed to inform him of his eligibility.

43. This annual incentive, combined with his base pay, would have brought his salary within the normal range for his role.

44. Mr. Mackey continues to suffer the effects of the compensation terms and conditions set forth when he was hired in 2010.

# CLAIMS FOR RELIEF
## Count I:
## Racial Discrimination in Violation of Title VII

45. Mr. Mackey incorporates by reference the preceding paragraphs as if fully set forth herein.

46. Mr. Mackey, an African-American, is part of a protected class under Title VII.

47. In violation of Mr. Mackey's rights under Title VII, Wells Fargo set unequal compensation terms and conditions on Mr. Mackey's employment because he is African-American.

48. Wells Fargo's discrimination continues to impact Mr. Mackey because it promotes and compensates him pursuant to the terms and conditions set forth unequally at his hiring.

49. As a direct and proximate result of Wells Fargo's conduct, in this respect, Mr. Mackey continues to suffer damages, *inter alia*, lost wages and future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined at trial but believed to be in excess of twenty-five thousand dollars ($25,000.00).

## Count II:
## Sex Discrimination in Violation of Title VII

50. Mr. Mackey incorporates by reference the preceding paragraphs as if fully set forth herein.

51. Mr. Mackey, an African-American man, is part of a class protected under Title VII.

52. In violation of Mr. Mackey's rights under Title VII, Wells Fargo set unequal compensation terms and conditions on Mr. Mackey's employment because he is a man.

53. Wells Fargo's discrimination continues to impact Mr. Mackey, as Wells Fargo

promotes and compensates him pursuant to the terms and conditions set forth unequally because he is an African-American man.

54. As a direct and proximate result of Wells Fargo's conduct, in this respect, Mr. Mackey has suffered and continues to suffer, *inter alia*, lost wages and future pecuniary losses, as well as emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses in an amount to be determined at trial but believed to be in excess of twenty-five thousand dollars ($25,000.00).

## Count III:
## Violation of 42 U.S.C. 1981

55. Mr. Mackey incorporates by reference the preceding paragraphs as if fully set forth herein.

56. Mr. Mackey, an African American, is part of a protected class defined under 42 U.S.C. § 1981.

57. In setting unequal terms and conditions on Mr. Mackey's employment, Wells Fargo intentionally violated and/or acted with malice or reckless indifference to Mr. Mackey's federally-protected right to be free from discrimination based on race.

58. Because Wells Fargo set forth the terms and conditions of Mr. Mackey's employment based on his sex and race and because Wells Fargo has failed to sufficiently remedy this violations of Mr. Mackey's rights, Wells Fargo's misconduct gives rise to an award of compensatory damages.

59. Because Wells Fargo set forth the terms and conditions of Mr. Mackey's employment based on his sex and race and because Wells Fargo has failed to sufficiently remedy this violations of Mr. Mackey's rights, Wells Fargo's misconduct gives rise to an award of

punitive damages in the maximum amount allowable by law.

## Prayer for Relief

**WHEREFORE**, Plaintiff, William F. Mackey, prays the Court for the following relief:

1. For a monetary judgment against the Defendant for its violation of § 1981, representing all punitive and compensatory damages, including but not limited to lost wages, lost employment benefits, loss of status, loss of reputation, and inconvenience in an amount to be determined at a trial of the action.

2. For a monetary judgment against the Defendant for its violation of Title VII, representing all punitive and compensatory damages, including but not limited to lost wages, lost employment benefits, loss of status, loss of reputation, and inconvenience in an amount to be determined at a trial of the action.

3. That the Court permanently enjoin Defendant from violating the provisions of Title VII and § 1981 and order Defendant to place Mr. Mackey in the employment position where he would be had he been compensated pursuant to non-discriminatory terms;

4. That Mr. Mackey recover from the Defendant reasonable costs and expenses, including attorney's fees, in bringing this action;

5. For prejudgment and post-judgment interest on all amounts found due to Mr. Mackey at the legal rate;

6. For a trial by jury on all issues so triable; and

7. For such further and additional relief at law and equity as the Court may deem just and proper.

This the 11th day of December, 2019.

Vennum PLLC

By: /s/ Jordan Burke
**Jordan Allyn Burke**
NC State Bar No. 54778
8510 McAlpine Park Drive
Charlotte, NC 28211
(980) 338-0111
*Counsel for Plaintiff William F. Mackey*

By: /s/
**Elizabeth K. Vennum**
NC State Bar No. 49747
8510 McAlpine Park Drive
Charlotte, NC 28211
(980) 338-0111
*Counsel for Plaintiff William F. Mackey*

EEOC Form 161 (11-16)  **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# DISMISSAL AND NOTICE OF RIGHTS

EXHIBIT A

To: William F. Mackey
5425 Green Moss Lane
Charlotte, NC 28208

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2019-00506 | Aundrea L. Smallwood, Investigator | (704) 954-6456 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

/s/ A. Smallwood for

Thomas M. Colclough,
Acting Director

SEP 19 2019
(Date Mailed)

Enclosures(s)

cc: Jessica Brennan
Wells Fargo Legal Department
90 South 7th Street
9th Floor - MAC: N9305-09R
Minneapolis, MN 55402

Elizabeth Vennum, Esq.
VENNUM PLLC
10612 Providence Road
Suite D-510
Charlotte, NC 28277

Enclosure with EEOC
Form 161 (11/16)

INFORMATION RELATED TO FILING SUIT
UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge within 90 days of the date you receive this Notice. Therefore, you should keep a record of this date. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed within 90 days of the date this Notice was *mailed* to you (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred more than 2 years (3 years) before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, please make your review request within 6 months of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*



7019 1120 0000 5195 2928



**$7.60** US POSTAGE
3 OZ FIRST-CLASS MAIL FLATS RATE

062S0010363746
FROM 28270

RETAIL

stamps
endicia
12/11/2019

## USPS FIRST CLASS MAIL®

Vennum PLLC
8510 McAlpine Park Drive
Suite 210
Charlotte NC 28211

C017

SHIP TO: Wells Fargo Bank, N.A.
c/o Registered Agent
Corporation Service Company
2626 Glenwood Ave. Ste 550
Raleigh NC 27608-1370

### USPS CERTIFIED MAIL™



9414 7118 9956 1339 9269 19