UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-19-FDW

| | |
|---|---|
| WILLIAM F. MACKEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>WELLS FARGO BANK, N.A., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court on Defendant's Motion for Summary Judgment (Doc. No. 14), which has been fully briefed (Docs. Nos. 16, 19, 20) and is ripe for review. For the reasons below, the motion is GRANTED IN PART and DENIED IN PART. In so ruling, the Court also *sua sponte* continues the trial setting in this matter to the Court's mixed term beginning March 1, 2021.

Plaintiff, a current employee of Defendant Wells Fargo Bank, N.A, filed this suit asserting several causes of action arising out of his employment, including race and sex discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and race discrimination in violation of 42 U.S.C. § 1981 ("Section 1981"). Defendant has moved for summary judgment on all claims.

Defendant moves for summary judgment on Plaintiff's Section 1981 claims that rely on conduct that occurred more than four years prior to filing the Complaint. It is well-settled that a four-year statute of limitations applies to § 1981 claims. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 383, 124 S. Ct. 1836 (2004); see also Tabb v. Bd. of Educ. of Durham Pub. Sch., No.

1:17CV730, 2019 WL 688655, at *3 (M.D.N.C. Feb. 19, 2019);[1] White v. BFI Waste Servs., LLC, 375 F.3d 288, 292 (4th Cir. 2004) (applying four-year limitation period to hostile work environment claims under § 1981). Plaintiff's brief in opposition to the motion at bar seems to concede the four-year limitation period and suggests he does not intend to pursue claims outside the relevant statute of limitations period for 42 U.S.C. § 1981. Specifically, Plaintiff states in response to Defendant's statute of limitations argument: "Defendant's argument fails because Plaintiff's *claims are for the discrimination he has experienced within the applicable statute of limitations and the discrimination he continues to experience* as an employee at Wells Fargo. The undisputed evidence demonstrates that Plaintiff has received positive performance reviews throughout his employment, *including years 2015 to present, which are not time barred*." (Doc. No. 19, p. 20 (emphasis added)). To the extent Plaintiff seeks to assert and/or recover for claims under Section 1981 that are outside the four-year statute of limitations, including Plaintiff's pay prior to December 11, 2015, those claims are barred. Accordingly, that portion of Defendant's Motion is granted.

Similarly, Defendant argues Title VII bars Plaintiff's recovery for alleged discriminatory treatment that occurred before March 14, 2018, which is 180 days prior to the filing of Mackey's first EEOC charge. 42 U.S.C. § 2000e-5(e)(1). Plaintiff does not directly oppose Defendant's argument regarding the time limitations on his claims under Title VII. Moreover, Plaintiff has neither argued nor forecast any evidence sufficient to support any applicable continuing violation

---

[1] In Tabb, the court explained:
> 42 U.S.C. § 1981 does not contain an independent statute of limitations. Jones v. R.R. Donnelly & Sons Co., 541 U.S. 369, 371, 124 S.Ct. 1836, 158 L.Ed.2d 645 (2004). However, 28 U.S.C. § 1658, passed in 1990 and enacted in 1991, specifies a four-year statute of limitations for any "civil action arising under an Act of Congress enacted after the date of the enactment of this section." 28 U.S.C. § 1658. The Supreme Court has found that, because § 1981 was expanded by legislative action in 1991 to cover racial discrimination in any term or benefit of employment, the four-year federal statute of limitations applies to § 1981 race discrimination claims. R.R. Donnelly, 541 U.S. at 383–84, 124 S.Ct. 1836.

theory. Accordingly, to the extent Plaintiff seeks to assert and/or recover for claims under Title VII that occurred prior to March 14, 2018, those claims are also time-barred and that portion of Defendant's Motion is GRANTED.

As to all other portions of Defendant's motion, they are DENIED. The record shows Plaintiff can establish a prima facie case of race and sex discrimination under Title VII and § 1981 within the applicable time periods. The record also makes clear issues of fact exist as to Defendant's legitimate, nondiscriminatory reason for the allegedly discriminatory conduct, as well as issues of fact as to whether Defendant's purported reasons for its actions are a pretext for discrimination. Summary judgment is therefore not appropriate for Plaintiff's claims within the relevant time period.

Finally, trial in this matter is currently docketed for January 4, 2021. Because of limited courtroom availability, as well as the current trial settings for other cases appearing on the docket, the Court *sua sponte* continues trial in this matter to the mixed term beginning March 1, 2021. The parties' joint pretrial submissions, as required under this Court's Standing Order, shall be due by February 1, 2021. A pretrial conference will be set closer to trial.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment (Doc. No. 14) is GRANTED IN PART AND DENIED IN PART. Trial in this matter is hereby continued from January 4, 2021, to the Court's March 1, 2021, trial term. The parties' jointly prepared pretrial submissions shall be filed no later than February 1, 2021.

IT IS SO ORDERED.

Signed: December 10, 2020

Frank D. Whitney
United States District Judge