**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Case No. 3:20-cv-00019-FDW

WILLIAM F. MACKEY,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

_____

        **JOINTLY-PROPOSED JURY**
        **INSTRUCTIONS**

Pursuant to Section 4(c) of the Court's March 6, 2020 Case Management Order (Doc. 9), Plaintiff WILLIAM F. MACKEY and Defendant WELLS FARGO BANK, N.A. hereby submit the following proposed jury instructions for the trial of this action.

I.      PROPOSED "PHASE THREE" JURY INSTRUCTIONS

The parties propose that the following instructions be inserted into the pattern instructions attached as Exhibit C to the Court's Standing Order Governing Jury Selection and Instruction in Civil Cases Before the Honorable Frank D. Whitney:

INSTRUCTION NO. _____ [1]

You must consider only the evidence that I have admitted in the case.  Evidence includes the testimony of witnesses and the exhibits admitted.  But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case.  Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.  In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions.  You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact.  There's no legal difference in the weight you may give to either direct or circumstantial evidence.

---

[1] 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court, 11th Cir. Pattern Jury Inst., Civil Cases (2020).

INSTRUCTION NO. _____ [2]

Your decision must be based only on the evidence presented here.  You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole.  You must not single out or disregard any of the instructions on the law.

---

[2] 3.2.2 The Duty to Follow Instructions, 11th Cir. Pattern Jury Inst., Civil Cases (2020).

INSTRUCTION NO. _____ ³

The fact that a corporation is involved as a party must not affect your decision in any way.  A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.  In other words, a corporation is entitled to the same fair consideration that you would give any individual person.  When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

---

³ 3.2.2 Corporate Party Involved, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (as *modified*).

INSTRUCTION NO. _____ [4]

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

---

[4] 3.4 Credibility of Witnesses, 11th Cir. Pattern Jury Inst., Civil Cases (2020).

INSTRUCTION NO. _____ [5]

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

---

[5] 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements, 11th Cir. Pattern Jury Inst., Civil Cases (2020).

INSTRUCTION NO. _____ [6]

Section 1981, Failure to Promote

In this case, Plaintiff William Mackey accuses Defendant Wells Fargo Bank, N.A. of discriminating against him by failing to promote him in violation of federal civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment on the basis of their race. Wells Fargo denies Mackey's claims and asserts it did not fail to promote Mackey based on his race or apply different terms and conditions to him based on his race.

To succeed on his race discrimination claim against Wells Fargo, Mackey must prove each of the following facts by a preponderance of the evidence:

First: Wells Fargo failed to promote Plaintiff; and

Second: Wells Fargo intentionally discriminated against Mackey such that Mackey's race was a but-for cause of Wells Fargo's decision to delay his promotion.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

If you find that Wells Fargo delayed Mackey's promotion, you must decide whether Mackey's race was a but-for cause of its decision.

Pretext: As I have explained, Mackey has the burden to prove that but for his race, he would have been promoted. I have explained to you that evidence can be direct or circumstantial. Plaintiff Mackey is not required to produce direct evidence of unlawful motive.

---

[6] 4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (as *modified*). *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356, 368 (2020) (holding Section 1981 claims are subject to a but-for causation standard).

You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence- for example, explanations that you find were really pretextual. Pretextual means false, or though true, not the real reason for the action taken. To decide whether but for Mackey's race, Wells Fargo would have promoted Mackey, you may consider the circumstances of Wells Fargo's decision. For example, you may consider whether you believe the reasons Wells Fargo gave for its decisions. If you do not believe the reasons Wells Fargo gave for a decision, you may consider whether the reasons were so unbelievable that they were a cover-up to hide the true discriminatory reasons for the decision.

INSTRUCTION NO. _____ [7]

Section 1981, Wage Discrimination

In this case, Plaintiff William Mackey accuses Defendant Wells Fargo Bank, N.A. of discriminating against him by paying him substantially less than similarly situated employees who were not African American because of his race. Mackey claims that Wells Fargo violated the civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment based on their race.

Wells Fargo denies Mackey's claim and asserts that its decisions concerning Mackey's pay were based on his job performance and additional legitimate factors other than his race.

To succeed on his claims, Mackey must prove the following facts by a preponderance of the evidence:

First: Mackey was similarly-situated to non-African-American employees who received substantially higher pay; and

Second: Wells Fargo intentionally discriminated against Mackey such that Mackey's race was a but-for cause of Wells Fargo's decisions concerning his pay.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

---

[7] 4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (as *modified*). *Comcast Corp. v. Nat'l Ass'n of African Am.-Owned Media*, 140 S. Ct. 1009, 1019, 206 L. Ed. 2d 356, 368 (2020) (holding Section 1981 claims are subject to a but-for causation standard); *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir.), *as amended* (Mar. 26, 2019), *cert. denied*, 140 S. Ct. 381, 205 L. Ed. 2d 216 (2019) (describing similarly-situated analysis under Title VII); *White v. BFI Waste Servs., LLC*, 375 F.3d 288, 295 (4th Cir. 2004) (*prima facie* Title VII and Section 1981 wage discrimination cases are the same).

For the first element, you must consider whether Mackey is similarly-situated in all respects to employees who were/are not of the same race as Mackey  To decide whether employees are similarly-situated, you should consider factors such as tasks and duties that were performed by the employees, whether the employees held the same job description, were subject to the same standards, were subordinate to the same supervisor, and had comparable experience, education, and other qualifications.

If you find that Wells Fargo paid a similarly-situated employee a substantially higher wage than Mackey, you must decide whether Mackey's race was a but-for cause of its decision.  In other words, to prevail, Mackey must prove that, but for his race, he would have a higher salary.

Pretext: As I have explained, Mackey has the burden to prove that but for his race, he would have a higher pay.  I have explained to you that evidence can be direct or circumstantial. Mackey is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence - for example, explanations that you find were really pretextual. Pretextual means false, or though true, not the real reason for the action taken. To decide whether but for Mackey's race, Wells Fargo would be paying Mackey a higher salary, you may consider the circumstances of Wells Fargo's decisions.  For example, you may consider whether you believe the reasons Wells Fargo gave for its decision.  If you do not believe the reason it gave for a decision, you may consider whether the reasons was so unbelievable that they were a cover up to hide the true discriminatory reason for the decision.

INSTRUCTION NO. _____ [8]

Title VII of Civil Rights Act of 1964

In this case, Plaintiff William Mackey accuses Defendant Wells Fargo Bank, N.A. of discriminating against him by failing to promote him and by paying him substantially less than similarly-situated employees who were not African American males because of his race and/or sex. He claims that Wells Fargo violated the federal civil rights statutes that prohibit employers from discriminating against employees in the terms and conditions of their employment on the basis of their race and/or sex.

Wells Fargo denies Mackey's claims and asserts that its decisions were based on Mackey's job performance and additional legitimate factors other than his race.

To succeed on his claim, Mackey must prove the following facts by a preponderance of the evidence:

First: Mackey was similarly-situated to non-African-American employees and/or female employees who were promoted instead of him, and who received substantially higher pay than him; and

Second: Mackey's race and/or sex was a motivating factor in Wells Fargo's decisions to not promote Mackey and to pay him substantially less than similarly-situated employees

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

---

[8] 4.5 Title VII – Civil Rights Act – Discrimination – Discharge or Failure to Promote, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (as *modified*); *Spencer v. Virginia State Univ.*, 919 F.3d 199, 207 (4th Cir.), *as amended* (Mar. 26, 2019), *cert. denied*, 140 S. Ct. 381, 205 L. Ed. 2d 216 (2019) (describing similarly-situated analysis under Title VII.)

For the first element, you must consider whether Mackey is similarly-situated in all respects to employees who were/are not of the same race and sex as Mackey. To decide whether employees are similarly-situated, you should consider factors such as tasks and duties that were performed by the employees, whether the employees held the same job description, were subject to the same standards, were subordinate to the same supervisor, and had comparable experience, education, and other qualifications.

If you find that Wells Fargo's decisions with respect to Mackey's salary and promotions from March 14, 2018 to present were based on his race and/or sex, you must decide whether Mackey's race and/or sex was a "motivating factor" in the decision.

In showing that Mackey's race and/or sex was a motivating factor for Wells Fargo's decisions, Mackey is not required to prove that his race and/or sex was the sole motivation or even the primary motivation for Wells Fargo's decision. Mackey need only prove that his race and/or sex played a motivating part in Wells Fargo's decision even though other factors may also have motivated Wells Fargo. It is enough if Mackey proves that race and/or sex influenced the decision. If Mackey's race and/or sex made a difference in Wells Fargo's decision, you may find that it was a motivating factor in the decision.

Pretext: As I have explained, Mackey has the burden to prove that his race and/or sex was a motivating factor in Wells Fargo's decisions to fail to promote Mackey and set Mackey's salary since March 14, 2018. I have explained to you that evidence can be direct or circumstantial. Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other evidence - for example, explanations that you find were really pretextual. Pretextual means false, or though true, not the real reason for the action taken. To decide whether Mackey's race

and/or sex was a motivating factor in Wells Fargo's failure to promote and pay Mackey a lower salary than similarly-situated employees, you may consider the circumstances of Wells Fargo's decisions. For example, you may consider whether you believe the reasons Wells Fargo gave for its decisions. If you do not believe the reasons it gave for a decisions, you may consider whether the reasons were so unbelievable that they were a cover up to hide the true discriminatory reasons for the decision.

INSTRUCTION NO. _____ [9]

If you find that Mackey's race and/or sex was a motivating factor in Wells Fargo's decision to take this action, Mackey is entitled to your verdict, even if you find that Wells Fargo's conduct was also motivated by other lawful reasons.

However, if you find that the Wells Fargo's decision was motivated by both discriminatory and lawful reasons, you must decide whether Mackey is entitled to damages. Mackey is entitled to damages unless Wells Fargo proves by a preponderance of the evidence that it would have made the same decision even if the discriminatory reason had played no role in the employment decision.

---

[9] 5 Modern Federal Jury Instructions-Civil P 88.03 (2020) (as modified).

Wells Fargo claims that Mackey's race and sex was not a factor in its decisions regarding Mackey's pay and promotions.  An employer may not intentionally discriminate against an employee because of the employee's race or sex, but the employer may make employment decisions for any other reason, good or bad, fair or unfair. If you believe Wells Fargo's reasons for its employment decisions, and you find that Wells Fargo's decisions were not motivated by Mackey's race or sex, you must not second guess Wells Fargo's decisions, and you must not substitute your own judgment for Wells Fargo's judgment – even if you disagree with it.

---

[10]4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or Failure to Promote, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (as modified).

INSTRUCTION NO. _____ [11]

If you find in Mackey's favor and against Wells Fargo on any or all of his claims, you

must consider Mackey's compensatory damages.

When considering the issue of Mackey's compensatory damages, you should determine

what amount, if any, has been proven by Mackey by a preponderance of the evidence as full,

just, and reasonable compensation for all of Mackey's damages as a result of being paid

substantially less than other similarly situated employees, and for not being promoted.

Compensatory damages are not allowed as a punishment and must not be imposed or increased

to penalize Wells Fargo.  Also, compensatory damages must not be based on speculation or

guesswork.

You should consider the following elements of damage, to the extent you find that

Mackey has proved them by a preponderance of the evidence, and no others:

(a) net lost wages and benefits from the date of the claims on which you have found in

Mackey's favor; and

(b) pain, suffering, inconvenience, mental anguish, or loss of enjoyment of life that

Mackey has experienced as a consequence of Wells Fargo's discrimination.

To determine the amount of Mackey's net lost wages and benefits, you should consider

evidence of the actual wages he lost and the monetary value of any benefits he lost.

To determine whether and how much Mackey should recover for pain, suffering,

inconvenience, mental anguish, or loss of enjoyment of life, you may consider both the mental

and physical aspects of injury – tangible and intangible.  Mackey does not have to introduce

---

[11] 4.9 Civil Rights Act – 42 U.S.C. § 1981 – Race Discrimination in Employment – Discharge or
Failure to Promote, 11th Cir. Pattern Jury Inst., Civil Cases (2020) (*as modified*).

evidence of a monetary value for intangible things like mental anguish. You will determine what amount fairly compensates him for his claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

Respectfully submitted,

WILLIAM F. MACKEY

By: */s/ Alesha S. Brown*
Alesha S. Brown
North Carolina Bar No. 53000
HALL & DIXON, PLLC
725 East Trade Street, Suite 115
Charlotte, North Carolina 28202
Telephone: (704) 935-2656
Facsimile: (704) 626-2620

WELLS FARGO BANK, N.A.

By: */s/ Frederick T. Smith*
Frederick T. Smith
North Carolina Bar No. 45229
SEYFARTH SHAW LLP
121 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6023
Facsimile: (704) 559-2425
E-mail: fsmith@seyfarth.com

Ethan Goemann
North Carolina Bar No. 50731
SEYFARTH SHAW LLP
121 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6026
Facsimile: (704) 946-6083
E-mail: egoemann@seyfarth.com

Gerald L. Pauling, *pro hac vice admission pending*
SEYFARTH SHAW LLP
233 W. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: gpauling@seyfarth.com

Attorneys for Defendant

Date: February 1, 2021

WILLIAM F. MACKEY,

        Plaintiff,

v.                                **CERTIFICATE OF SERVICE**

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

        I hereby certify that on February 1, 2021, I filed a true and correct copy of JOINTLY-

PROPOSED JURY INSTRUCTIONS with the Clerk of the Court using the CM/ECF system,

which will automatically send e-mail notification of such filing to the following attorney of

record:

                Alesha S. Brown
                Hall & Dixon, PLLC
                725 East Trade Street, Suite 115
                Charlotte, North Carolina  28202

                          */s/ Frederick T. Smith*
                          Frederick T. Smith
                          North Carolina Bar No. 45229
                          Attorney for Defendant