**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
Case No. 3:20-cv-00019-FDW

WILLIAM F. MACKEY,

        Plaintiff,

v.

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE DWAYNE HARRIS AND BRITTANY FRITZ FROM TESTIFYING AT TRIAL**

Defendant WELLS FARGO BANK, N.A., by its attorneys and pursuant to Section 4(d) of the Court's March 6, 2020 Case Management Order (Doc. 9), files this memorandum of law in support of its motion for an order *in limine* to bar Plaintiff William F. Mackey from presenting at trial the testimony of Dwayne Harris and Brittany Fritz.

## INTRODUCTION

In this case currently set for the July 12, 2021 trial term, Mackey has submitted a witness list containing two individuals, Dwayne Harris and Brittany Fritz, who were not identified in his original or supplemental Rule 26 initial disclosures as individuals likely to possess discoverable information, and whose identities were not otherwise disclosed during the discovery phase of this action. Wells Fargo anticipates both individuals would be called to testify on damages issues.

As discussed more fully below, based on Mackey's inexcusable failure to identify or disclose these witnesses, Wells Fargo submits that they should be excluded from testifying at trial to prevent prejudice to Wells Fargo and abuses of the discovery process. *Syngenta Crop Prot., LLC v. Willowood, LLC*, No. 1:15-CV-274, 2017 WL 3309699, at *5 (M.D.N.C. Aug. 2,

2017) (excluding testimony from newly disclosed witnesses because of the "unfair prejudice caused by the last-minute surprise disclosures of these witnesses.").

## FACTS

Mackey has listed Dwayne Harris and Brittany Fritz as witnesses he may call at trial to "establish the effect of Wells Fargo's alleged refusal to promote and pay him equally has had on Plaintiff." (Doc. 24 at 15.)

However, neither Harris nor Fritz were disclosed by Mackey during discovery in this action as an individual likely to have discoverable information. (*See* Pl.'s Initial Disclosures, attached as **Exhibit 1**; Pl.'s Suppl. Initial Disclosures, attached as **Exhibit 2**; Pl.'s Resp. to Def.'s First Interrogs., attached as **Exhibit 3**). Mackey provided disclosures pursuant to Rule 26(a) and identified seven individuals likely to have discoverable information, none of whom were Harris or Fritz. (Ex. 1 at 2-3.)

In addition, in its interrogatories, Wells Fargo requested that Mackey "[i]dentify all physicians, psychiatrists, psychologists, social workers, counselors, or any other health care providers whom you have seen regarding any type of emotional, mental, psychological, or psychiatric illness, disorder, injury, state, condition, impairment, or disability since January 1, 2010," (Interrog. No. 12), and requested that Mackey "[i]dentify all physicians or other health care providers whom you have seen for any illness, disease, injury, condition, impairment, or disability of any nature whatsoever, whether physical, mental, emotional, or otherwise, that you claim to have suffered because of any action or omission by Defendant or any of its employees" (Interrog. No. 13). (Ex. 3 at 9-12.) Mackey answered both interrogatories by identifying five individuals, none of whom were Harris or Fritz. *Id.* Mackey also provided supplemental Rule 26 initial disclosures on October 7, 2020, which did not disclose Harris or Fritz. (Ex. 2.)

- 2 -

Moreover, at Mackey's deposition, he testified that he had seen a psychiatrist and a doctor, but he misidentified both individuals. He stated he had seen a psychiatrist named "Dwayne," but he could not remember Dwayne's last name. (Dep. 155:9-13.)[1] Mackey also identified a doctor, "Brandon Fritz," as opposed to the newly identified Brittany Fritz. (Dep. 159:15-19.) And, Mackey misidentified "Dwayne's" and "Brandon's" employer as "Central Emotional Health Clinic," whereas his witness list shows that their employer actually is "Center for Emotional Health." (Dep. 155:12-15.)

## ARGUMENT

Because Mackey failed to disclose or identify Harris and Fritz during discovery, despite Wells Fargo's clear requests and his obligation to do so under the applicable rules, Harris and Fritz should be barred from testifying at trial. Under Federal Rules of Civil Procedure 26 and 33, Mackey was required to identify Harris and Fritz either in his initial disclosures or in his discovery responses (i.e., in response to Interrogatory No. 12 or Interrogatory No. 13), or as a supplement to either. However, Mackey failed to disclose them during the discovery phase of this action.[2]

"[T]he basic purpose of Rule 37(c)(1) [is] preventing surprise and prejudice to the opposing party." *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 596 (4th Cir. 2003). Under Federal Rule of Civil Procedure 37, the sanction for a violation of

---

[1] Cited pages from Plaintiff's deposition transcript are attached as **Exhibit 4**.
[2] Even if Mackey had properly identified Harris and Fritz as well as their employer in his deposition, this would be insufficient to cure his written discovery deficiencies. *See Vir2us, Inc. v. Invincea, Inc.*, 235 F. Supp. 3d 766, 777 (E.D. Va. 2017) ("A party cannot cure its failure to disclose by simply providing notice of new disclosures during a deposition, 'even when that deposition testimony completely covers the material that should have been disclosed'") (citation omitted); *Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 198 (E.D. Va. 2016) (holding "notice in deposition testimony" does not cure a failure of disclosure "even when that deposition testimony completely covers the material that should have been disclosed.").

Rule 26's disclosure requirements is barring the use of the undisclosed witness or evidence going forward, with an exception for where this failure was "substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

"[I]n exercising its broad discretion to determine whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) exclusion analysis, a district court should be guided by the following factors: (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Southern States Rack & Fixture, Inc.*, 318 F.3d at 596. "The party failing to disclose information bears the burden of establishing that the nondisclosure was substantially justified or was harmless." *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 190 (4th Cir. 2017).

These factors all favor the exclusion of the testimony of Harris and Fritz for several reasons. First, because Mackey never identified Harris and Fritz as witnesses in his Rule 26 initial disclosures and never properly identified them in discovery, their inclusion in Mackey's witness list is a surprise to Wells Fargo. *Syngenta Crop Prot., LLC*, 2017 WL 3309699, at *4 (excluding testimony from newly disclosed witnesses, in part, because a party is "entitled to rely on [opposing party's] disclosures as to who its witnesses were likely to be.").

Second, at this stage, there is no way to cure this surprise. The discovery period in this case closed on October 3, 2020. It was not until Mackey's witness list in the parties' Jointly-Proposed Pretrial Order (Doc. 24) that Harris and Fritz were identified as witnesses to Wells Fargo. No records from Harris or Fritz were produced during discovery and they were never deposed.

Third, the testimony of Harris and Fritz would disrupt Well Fargo's cross examination of witnesses and presentation of its rebuttal case. Wells Fargo would be required to cross examine witnesses who were not deposed and who have made no prior statements under oath. These additional witnesses would necessarily expand Mackey's case and require Wells Fargo "to prepare a substantial rebuttal case." *Scott v. Clarke*, No. 3:12-CV-00036, 2014 WL 5386882, at *3 (W.D. Va. Oct. 22, 2014); *see Syngenta Crop Prot., LLC*, 2017 WL 3309699, at *2 ("Additional rounds of depositions and supplemental reports and briefing would completely disrupt the trial schedule, and ongoing objections to an undisclosed witness' testimony and evidence offered in rebuttal disrupt the trial itself.").

Fourth, these witnesses are not important because Mackey has not shown that either Harris or Fritz have evidence that Wells Fargo's actions contributed to Mackey's health problems. Indeed, Mackey testified at his deposition that none of his healthcare providers have ever attributed any of his various health problems or stress to how he was treated by Wells Fargo. (Dep. 156:6 -158:4.) And Mackey's failure to disclose the witnesses in both versions of his initial disclosures warrants the exclusion of the witnesses. *See Scott*, 2014 WL 5386882, at *3 ("However, given the circumstances of Defendants' disregard of their Rule 26(a)(2) disclosure obligations, [the fourth] factor weighs against excusing Defendants' failure to disclose.").

Fifth, Mackey has offered no explanation for his failure to identify Harris and Fritz in his initial disclosures or interrogatory answers. This factor does not look at whether the failure to disclosure was made in good or bad faith, but, instead, it "looks to the objective circumstances surrounding the nondisclosure." *Samsung Elecs. Co. v. Nvidia Corp.*, 314 F.R.D. 190, 199 (E.D. Va. 2016). Having supplemented his disclosures and discovery responses, there can be no objectively reasonable explanation for Mackey's failure to identify Harris and Fritz.

To now permit Plaintiff to call Harris and Fritz at trial would be fundamentally unfair to Wells Fargo and would reward Mackey's failure to comply with the Federal Rules of Civil Procedure and Orders of the Court.  "A party that fails to provide [Rule 26] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case."  *Wilkins v. Montgomery*, 751 F.3d 214, 221 (4th Cir. 2014) (citation omitted); *see also Hoyle v. Freightliner, LLC*, 650 F.3d 321, 329-30 (4th Cir. 2011) (upholding district court's decision to exclude a newly disclosed witness' declaration); *Drayton v. Cowell*, No. CIV A 3:04CV557, 2006 WL 2792229, at *2 (W.D.N.C. Sept. 27, 2006) (excluding testimony of witness disclosed less than 5 weeks prior to trial.).

WHEREFORE, Wells Fargo respectfully requests that the Court grant this motion and enter an Order barring Dwayne Harris and Brittany Fritz from testifying at trial.

    Respectfully submitted,

    WELLS FARGO BANK, N.A.


    By: /s/ *Frederick T. Smith*
        Frederick T. Smith
        North Carolina Bar No. 45229
        SEYFARTH SHAW LLP
        121 West Trade Street, Suite 2020
        Charlotte, North Carolina 28202
        Telephone: (704) 925-6023
        Facsimile:  (704) 559-2425
        E-mail: fsmith@seyfarth.com

        Ethan Goemann
        North Carolina Bar No. 50731
        SEYFARTH SHAW LLP
        121 West Trade Street, Suite 2020
        Charlotte, North Carolina 28202
        Telephone: (704) 925-6026
        Facsimile:  (704) 946-6083
        E-mail: egoemann@seyfarth.com

                                          Gerald L. Pauling, *pro hac vice admission*
                                          SEYFARTH SHAW LLP
                                          233 W. Wacker Drive, Suite 8000
                                          Chicago, Illinois 60606-6448
                                          Telephone: (312) 460-5000
                                          Facsimile: (312) 460-7000
                                          E-mail: gpauling@seyfarth.com

                                          Attorneys for Defendant

Date: July 5, 2021

- 7 -

Case 3:20-cv-00019-FDW    Document 31-1    Filed 07/05/21    Page 7 of 8

WILLIAM F. MACKEY,

    Plaintiff,

v.        **CERTIFICATE OF SERVICE**

WELLS FARGO BANK, N.A.,

    Defendant.

_____/

    I hereby certify that on July 5, 2021, I filed a true and correct copy of DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION *IN LIMINE* NO. 1 TO EXCLUDE DWAYNE HARRIS AND BRITTANY FRITZ FROM TESTIFYING AT TRIAL with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

    Alesha S. Brown
    Justice In Action Law Center
    521 Briar Creek Road
    Charlotte, North Carolina 28205

    */s/ Frederick T. Smith*
    Frederick T. Smith
    North Carolina Bar No. 45229
    Attorney for Defendant