# Exhibit 2

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-CV-00019-FDW

| WILLIAM F. MACKEY, | ) |
| --- | --- |
| Plaintiff, | ) |
| vs. | ) |
|  | ) **PLAINTIFF'S SUPPLEMENTAL RULE 26A INITIAL DISCLOSURES** |
| WELLS FARGO BANK, | ) |
| Defendant. | ) |

NOW COMES, Plaintiff, William F. Mackey ("Plaintiff"), by and through undersigned counsel and pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure and provides the following supplemental initial disclosures. All disclosures are based on information that is currently in Plaintiff's possession. Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Plaintiff reserves his right to revise, correct, supplement, or clarify these disclosures should additional information become known to Plaintiff between now and the time of trial. Plaintiff further reserves the right to present witnesses and introduce evidence and documents that may be disclosed in supplemental disclosures, become known through the discovery process, or be disclosed via other pre-trial disclosures. Plaintiff further reserves his rights afforded by attorney-client privilege and the work-product doctrine. Any disclosure not supplemented remains the same as Plaintiff's Initial Disclosures Pursuant to FRCP 26(a)(1) dated March 18, 2020.

**Rule 26(a)(1)(A)(iii): A computation of each category of damages claimed by the disclosing party- who must also make available for inspection and copying as under Rule 34 the**

documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of the injuries suffered.

**Disclosure:**

a) **Back Pay: $69,061.64.** Mr. Mackey earned **$330,878.00** from 2010-2019. If he had been paid at the median pay range he would have earned **$399,939.64.** This amount does not account for the promotions and accompanying increased wages Mr. Mackey would have received had his salary not barred him from being eligible for certain promotion opportunities.

| Year | Salary | 2% Raise | Total Salary |
|------|--------|----------|--------------|
| Y1 | $41,000 (midpoint) | -- | $41,000 |
| Y2 | $41,000.00 | $820.00 | $41,820 |
| Y3 | $41,820.00 | $836.40 | $42,656.40 |
| Y4 | $42,656.40 | $853.23 | $43,509.53 |
| Y5 | $43,509.53 | $870.19 | $44,379.72 |
| Y6 | $44,379.72 | $887.59 | $45,267.31 |
| Y7 | $45,267.31 | $905.35 | $46,172.66 |
| Y8 | $46,172.66 | $923.45 | $47,096.05 |
| Y9 | $47,096.05 | $941.92 | $48,037.97 |
|  |  |  | **Total Pay: $399,939.64** |

b) **Retirement Benefits.** Because the amount Wells Fargo contributed to an employee's 401K was equal to 6% of the employee's salary, Mr. Mackey's benefit were

affected by the discrimination as well. From 2010-2019, Wells Fargo contributed **an amount less than $23,634.09** when it would have contributed **$23,634.09** if it had started Mr. Mackey at the midpoint. Mr. Mackey is entitled to the difference between these amounts.

| Year | Salary | 6% Contribution |
|------|--------|-----------------|
| Y1 | $41,000.00 (midpoint) | $2,460.00 |
| Y2 | $41,000.00 | $2,460.00 |
| Y3 | $41,820.00 | $2,509.20 |
| Y4 | $42,656.40 | $2,559.38 |
| Y5 | $43,509.53 | $2,610.57 |
| Y6 | $44,379.72 | $2,662.78 |
| Y7 | $45,267.31 | $2,716.04 |
| Y8 | $46,172.66 | $2,770.36 |
| Y9 | $47,096.05 | $2,825.76 |
| | | **Total Contribution:** $**23,634.09** |

**Supplemental Disclosure**:

a) **Back Pay**: Between 2010 and the end of 2020, Plaintiff estimates he will have been paid a total of $428,117.00. Between 2010 and 2015, Plaintiff estimates he should have been paid $263,800.00. Between 2016 and 2020, Plaintiff estimates he should have been paid

$284,600.00. Accordingly, between 2010 and the end of 2020, Plaintiff estimates he should have been paid $584,400.00. Thus, Plaintiff's total estimated back pay award is **$120,283.00** plus an estimated 2% increase for each year between 2010 and 2020.

b) **Retirement Benefits:** Because the amount Wells Fargo contributed to an employee's 401K was equal to 6% of the employee's salary, Plaintiff's benefits were affected by Defendant's discrimination as well. Between 2010 and the end of 2020, Plaintiff estimates Wells Fargo will have paid $25,687.02 in benefits. Between 2010 and 2015, Plaintiff estimates Wells Fargo should have paid $15,828.00 in benefits. Between 2016 and 2020, Plaintiff estimates Wells Fargo should have paid $17,076.00 in benefits. As such, Plaintiff's total estimated back pay for unpaid retirement benefits is **$7,216.98** plus 6% of an estimated 2% increase in salary for each year between 2010 and 2020.

**Plaintiff reserves the right to further supplement and amend any of the above disclosures as permitted under the Federal Rules of Civil Procedure.**

This is the 7th day of October, 2020.

**HALL & DIXON, PLLC**

*/s/Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that the foregoing **PLAINTIFF'S SUPPLEMENTAL RULE 26A INITIAL DISCLOSURES** was delivered to each of the below listed person(s) this date via electronic mail and by placing the same in an official depository under the exclusive care and custody of the United States Postal Service addressed as follows:

Frederick T. Smith
Ethan Goemann
Seyfarth Shaw LLP
121 West Trade Street, Suite 2020
Charlotte, NC 28202
fsmith@seyfarth.com
egoemann@seyfarth.com
**Attorneys for Defendant Wells Fargo**

This the 7th day of October, 2020

**HALL & DIXON, PLLC**

*/s/ Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
Hall and Dixon, PLLC
725 East Trade Street, Suite 115
Charlotte, NC, 28202
P: (704) 935-2656
F: (704) 626-2620
abrown@halldixonlaw.com