# Exhibit 3

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
Case No. 3:20-cv-00019-FDW

WILLIAM F. MACKEY,

                Plaintiff,

v.

WELLS FARGO BANK, N.A.,

                Defendant.

**Mackey's Response to Defendant's First Interrogatories**

Plaintiff WILLIAM MACKEY, through his attorneys and pursuant to Federal Rule of Civil Procedure 33, provides these sworn answers to Defendant WELLS FARGO'S interrogatories to the offices of Seyfarth Shaw LLP, 121 W. Trade Street, Suite 2020, Charlotte, North Carolina 28202.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

**State the full name, current address, and telephone number of all individuals who provided information or otherwise assisted or contributed to the preparation of these interrogatory answers, and specify to which answer(s) each individual provided information, assisted, or contributed.**

**Response:** The undersigned counsel assisted in preparing this response in its entirety.

### INTERROGATORY NO. 2:

**Identify all persons, including, but not limited to, present and past employees of Defendant, with whom you have had any communications (verbal, written, electronic, or otherwise) regarding any of the allegations and claims in your Complaint. As to each such**

person, please describe in detail the following:

(a) his/her full name, current address, and telephone number;
(b) the subject matter(s) of each communication;
(c) the manner (verbal, written, electronic, or otherwise) of each communication;
(d) the date, time, and place of each communication; and
(e) any documents relating to the communication.

**Response:** Other than the individuals referred to in Mr. Mackey's Initial Disclosures, to the best of Mr. Mackey's knowledge, there are no other known individuals who have knowledge regarding the events referred to in the Complaint. For your convenience, such individuals are as follows:

1. **Shannon Claytor – Employee Relations Senior Consultant**

   a. 1300 SW 5th Ave
   Floor 00
   Portland, OR 97201-5667
   Work phone number: (541) 674-9627

   b. Mr. Mackey had email and phone conversations with Ms. Claytor concerning discrimination against Mr. Mackey generally. Additionally, Ms. Claytor conducted the review for the EEOC. Mr. Mackey does not remember the exact day or time of the conversation. Mr. Mackey asserts that the conversation took place on Wells Fargo premises roughly in late 2017 or early 2018.

2. **Brandi Dotson – Fiduciary Tax Director, Senior Vice President**

   a. 2605 SW 91st St
   Floor 01
   Gainesville, FL 32608-2709
   Cell phone number: (980) 279-9706

b. Mr. Mackey had several detailed email and verbal conversations with Ms. Dotson concerning discrimination against Mr. Mackey and his hiring and promotion experience at Wells Fargo. Mr. Mackey does not remember the exact day or time. Mr. Mackey asserts that the conversation took place on Wells Fargo premises roughly in the late 2018 or early 2019.

3. **Sara Vander Lugt – Fiduciary Tax Manager**

   a. 600 S 4th St
   Floor 14
   Minneapolis, MN 55415-1526
   Cell phone number: (612) 723-7815

   b. Mr. Mackey had emails and in-person meetings conversation with Ms. Vander Lugt concerning discrimination against Mr. Mackey generally. Mr. Mackey does not remember the exact day or time. Mr. Mackey asserts that the conversation took place on Wells Fargo premises roughly in the late 2017 or early 2018.

4. **Danny S. Nethken – Operations Manager (**Deceased)

   a. Mr. Mackey had several email and in-person conversations with Mr. Nethken concerning Mr. Mackey's promotion opportunities (or lack thereof), the circumstances of his hiring, the fairness of his hiring terms, and discrimination against Mr. Mackey. Mr. Mackey does not remember the exact day or time. Mr. Mackey asserts that the conversation took place roughly in the summer of 2017.

5. **Bob Blood – Operations Manager**

   a. Mr. Blood is retired. Plaintiff did not, and after a reasonable inquiry, does not, have knowledge of Mr. Blood's current contact information.

b. Mr. Mackey had email and in-person conversation with Mr. Blood concerning discrimination against Mr. Mackey generally. Mr. Blood was replaced by Brandi Dotson, Mr. Mackey does not remember the exact day or time of any conversion, but asserts that the relevant conversations took place on Wells Fargo premises roughly in 2017.

**INTERROGATORY NO. 3:**

State whether you have obtained any statements (whether written or verbal), reports, memoranda, affidavits, declarations, other documents, or recordings from any person that in any way concern the facts of this action or the allegations and claims in your Complaint. If you have obtained any such statements, reports, memoranda, affidavits, declarations, other documents, or recordings, provide the following information concerning each:

(a) the author(s) of each such statement, report, memorandum, affidavit, declaration, other document, or recording;

(b) the person(s) to whom the statement, report, memorandum, affidavit, declaration, other document, or recording was issued, distributed, or otherwise provided;

(c) the date each such statement, report, memorandum, affidavit, declaration, other document, or recording was prepared; and

(d) the present location of each such statement, report, memorandum, affidavit, declaration, other document, or recording.

**Response:** Mr. Mackey has not obtained any such statements, reports, memoranda, affidavits, declarations, other documents, or recordings.

**INTERROGATORY NO. 4:**

Describe in detail every oral or written statement made by Defendant or any of Defendant's current or former directors, officers, employees, representatives, or agents that you contend constitutes an admission or declaration against interest, or on which you intend to rely as evidence or support for any of your claims.

Response:

1. **Conversation with Danny Nethken.** Mr. Nethken explained to Mr. Mackey that because of Wells Fargo's salary-based promotion policy, Mr. Mackey, although he had received the max raise of 2% every year since his hiring, was still not eligible to receive a promotion. Mr. Nethken specifically said that Mr. Mackey's salary was not where it should have been and that Wells Fargo would need to give him several significant raises before Mr. Mackey would be eligible for a raise.

2. **Meeting with Danny Nethken, Bob Blood, and Sara Vander Lugt in 2017 following a Wells Fargo CEO Town Hall Meeting.** During this meeting, Mr. Blood explained to Mr. Mackey that Wells Fargo had taken advantage of Mr. Mackey at his hiring by placing him near the bottom of the salary range for an SES III. At this time, Mr. Blood said he usually brings people in at 75% or 90% of the salary range. Mr. Blood stated that Mr. Mackey ought to have been placed at a higher salary rate at his hiring due to his qualifications and experience with Wells Fargo. Finally,Mr. Nethken noted that Mr. Mackey could receive the maximum raise until he retires and still not make it to the high end of the salary range for an SES III because of the salary at which Wells Fargo hired him.

**INTERROGATORY NO. 5:**

Describe each fact that supports your allegation in Paragraph No. 16 of your Complaint that "Wells Fargo typically starts its employees at the midpoint salary for a position."

**Response:** Mr. Mackey personally viewed a  document created and provided by Defendant which supports this allegation as an accurate reflection of Defendant's hiring policies and practices. The document designates a Target Total Compensation (TTC) for employees in a certain role and stated that the TTC should be equal to the  Base Market Reference Point (Base MRP).  The Base MRP is the midpoint of the salary range for a given position.

**INTERROGATORY NO. 6:**

Identify each employee of Defendant whom you are aware, upon starting a new position, received a starting salary at the midpoint for the position as alleged Paragraph No. 16 of your Complaint.

**Response:** On information and belief, by way of the deduction, Mr. Mackey presumes the following employees received at least a midpoint starting salary:

1. Kathie Little

2. Anna Taylor

3. Ben Hood

4. John Irwin (SES IV)

5. Joe Williams (SES V)

6. Anthony Castrillo (SES IV) (came in after after Mr. Mackey, but was promoted before him)

## INTERROGATORY NO. 7:

Describe each fact that supports your allegation in Paragraph No. 23 of your Complaint that an employee of Defendant "is not considered for an internal promotion unless his current salary is within a designated salary range."

**Response:** Mr. Nethken explained this to Mr. Mackey after Mr. Mackey asked why he was given the responsibilities of an SES IV but was not officially promoted. Mr. Nethken explained that he could not promote Mr. Mackey to SES IV without giving Mr. Mackey a series of raises in order to raise him to the necessary salary range to receive a raise pursuant to Wells Fargo's promotion policies.

## INTERROGATORY NO. 8:

Identify each individual in Paragraph No. 24 of your Complaint who were Plaintiff's "peers" and "became eligible for and received promotions" while Plaintiff remained a Securities Operations Service Specialist 3.

**Response:**

1. Anna Taylor (SES III) (came in after Mr. Mackey but was promoted before)

2. Kathie Little (SES III)

3. Ben Hood (SES IV)

4. John Irwin (SES IV)

5. Joe Williams (SES V)

6. Anthony Castrillo (SES IV) (came in after after Mr. Mackey, but was promoted before)

**INTERROGATORY NO. 9:**

Identify the managers described in Paragraph Nos. 29-31 of your Complaint. For each manager, identify the statements he/she made in the meeting described in Paragraph Nos. 29-31.

Response:

1. **Danny Nethken.** Mr. Nethken noted that Mr. Mackey could receive the maximum raise until he retired and still not make it to the high end of the salary range for an SES III because of the salary point at which Wells Fargo hired him.

2. **Bob Blood**. Mr. Blood asserted that Wells Fargo had taken advantage of Mr. Mackey at his hiring by placing him near the bottom of the salary range for an SES III. Mr. Blood also asserted that he usually brought people in at 75% or 90% of the salary range. Additionally, he stated that Mr. Mackey ought to have been placed at a higher salary rate at his hiring due to his qualifications and experience with Wells Fargo.

3. **Sara Vander Lugt.** No statement recalled; specified; or individually relied upon to support the allegations. Mr. Mackey recalls that she was present at the meeting but does not recall her individual contributions.

**INTERROGATORY NO. 10:**

Identify the "incentive compensation plan" that you refer to in Paragraph No. 42 of your Complaint.

Response: The "incentive compensation plan" is an operation from his previous department within Wells Fargo. It determined that an employee would recieve certain amount

of bonus compensation based partially on if Wells Fargo reached a goal and partially on the

employee's performance.

**INTERROGATORY NO. 11**

Identify each grievance, arbitration, charge or complaint of discrimination, lawsuit, or other administrative or legal proceeding in which you have ever been involved as a party, and for each such proceeding, describe in detail the following:

(a)   the nature of the proceeding;
(b)   the names of all parties in the proceeding;
(c)   the agency, court, or other forum in which the proceeding was filed and conducted;
(d)   the dates when the proceeding began and concluded;
(e)   the resolution or outcome of the proceeding; and
(f)   the name, business address, and telephone number of any lawyer(s) who represented you in the proceeding.

**Response:** Other than the present matter and requisite EEOC proceedings, Mr. Mackey

has never been involved as a party for any such proceeding.

**INTERROGATORY NO. 12**

Identify all physicians, psychiatrists, psychologists, social workers, counselors, or any other health care providers whom you have seen regarding any type of emotional, mental, psychological, or psychiatric illness, disorder, injury, state, condition, impairment, or disability since January 1, 2010, and for each such individual, describe in detail the following:

(a)   his/her full name, current business address, and telephone number;
(b)   the reason for visiting such individual;
(c)   the diagnosis, prognosis, and course of treatment provided by the individual;
(d)   the date(s) on which you visited him/her;
(e)   the duration of the course of treatment rendered to you by the individual; and
(f)   any medications prescribed by him/her.

**Response:**  Mr. Mackey has requested his full medical records back to January 1, 2010,

but has not received them.  Mr. Mackey will complete this response upon receipt of such records.

Pursuant to his best recollection and online and in-hand records, Mr. Mackey provides the following information:

1. **Anna Mistretta**
   200 S College St,
   Charlotte, NC 28202
   (704) 302-8800
   Reason for Visit: Type 2 Diabetes
   3/26/2020

2. **Yih Cherng Franklin Tsai**
   2001 Vail Ave,
   Charlotte, NC, 28207
   (704) 304-5000
   Reason for Visit: Type 2 Diabetes and Hypertension
   3/2018

3. **Gagneet Chauhan**
   4525 Cameron Valley Pkwy 4th Floor,
   Charlotte, NC 28211
   (704) 468-8876
   Reason for Visit: Type 2 Diabetes
   Diagnosis: Type 2 Diabetes symptoms and Low Testosterone
   3/26/2020

4. **Hiren Patel**
   1525 W.T. Harris Blvd.
   Charlotte, NC 28288,
   704-590-6770
   Reason for Visit: Type 2 Diabetes
   Diagnosis: Type 2 Diabetes symptoms; Barrett's esophagus,
   Hypertriglyceridemia, Male Hypogonadism, and Obesity
   7/24/2018

5. **Tony Walden**
   1085 NE Gateway Ct NE Ste 330,
   Concord, NC 28025
   (704) 403-1311
   Reason for Visit:Type 2 Diabetes and Hypogonadism
   1/17/2019

**INTERROGATORY NO. 13**

Identify all physicians or other health care providers whom you have seen for any illness, disease, injury, condition, impairment, or disability of any nature whatsoever, whether physical, mental, emotional, or otherwise, that you claim to have suffered because of any action or omission by Defendant or any of its employees, and for each such provider, describe in detail the following:

      **(a)**    his/her full name, current business address, and telephone number;

      **(b)**    the reason for visiting such individual;

      **(c)**    the diagnosis, prognosis, and course of treatment provided by the individual;

      **(d)**    the date(s) on which you visited him/her;

      **(e)**    the duration of the course of treatment rendered to you by the individual; and

      **(f)**    any medication(s) prescribed by him/her.

**Response:** Mr. Mackey has requested his full medical records back to January 1, 2010, but has not received them. Mr. Mackey will complete this response upon receipt of such records.

Pursuant to his best recollection and online and in-hand records, Mr. Mackey provides the following information:

    **1. Anna Mistretta**
       200 S College St,
       Charlotte, NC 28202
       (704) 302-8800
       Reason for Visit: Type 2 Diabetes
       3/26/2020

    **2. Yih Cherng Franklin Tsai**
       2001 Vail Ave,
       Charlotte, NC, 28207
       (704) 304-5000
       Reason for Visit: Type 2 Diabetes and Hypertension
       3/2018

    **3. Gagneet Chauhan**
       4525 Cameron Valley Pkwy 4th Floor,
       Charlotte, NC 28211
       (704) 468-8876
       Reason for Visit: Type 2 Diabetes

Diagnosis: Type 2 Diabetes symptoms and Low Testosterone
3/26/2020

4. **Hiren Patel**
1525 W.T. Harris Blvd.
Charlotte, NC 28288,
704-590-6770
Reason for Visit: Type 2 Diabetes
Diagnosis: Type 2 Diabetes symptoms; Barrett's esophagus,
Hypertriglyceridemia, Male Hypogonadism, and Obesity
7/24/2018

5. **Tony Walden**
1085 NE Gateway Ct NE Ste 330,
Concord, NC 28025
(704) 403-1311
Reason for Visit:Type 2 Diabetes and Hypogonadism
1/17/2019

## INTERROGATORY NO. 14

**Identify all personal e-mail accounts (including the internet service provider) used by you or any other person acting on your behalf to engage in communications about your employment with Defendant or the allegations and claims in your Complaint.**

**Response:** Mr. Mackey objects to this interrogatory to the extent that Mr. Mackey has used his e-mail accounts to communicate with counsel. Without waiving the foregoing objection, Mr. Mackey responds as follows: Mr. Mackey has used the following e-mail accounts to engage in communications about his employment with Defendant:

1. mackeyw44@gmail.com

2. william.mackey@wellsfargo.com

Mr. Mackey operates these accounts independently of a specific internet service provider.

## INTERROGATORY NO. 15

**Identify all social media accounts utilized by you to engage in communications about your employment with Defendant or the allegations and claims in your Complaint,**

**including, but not limited to, Facebook, Twitter, LinkedIn, Instagram, YouTube, SnapChat, Google+, MySpace, or any other social networking or online account.**

**Response:** Mr. Mackey has not utilized any social media account to engage in communications about his employment with Defendant or the allegations and claims in his Complaint.

Respectfully submitted,

WILLIAM F. MACKEY

By: *Jordan Burke*
_____

**JORDAN BURKE**
NC State Bar No. 54778
Elizabeth K. Vennum
NC State Bar No. 49747
Vennum PLLC
8510 McAlpine Park Dr.
Suite 210
Charlotte, NC 28277
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served upon counsel for Wells Fargo Bank, N.A. by e-mail and by depositing a copy of the same in an official depository of the United States Postal Service in a certified mail postage-paid envelope addressed to:

> FREDERICK T. SMITH
> N.C. Bar No. 45229
> Telephone: (704) 925-6023
> Facsimile: (704) 946-6083
> E-mail: fsmith@seyfarth.com
> ETHAN GOEMANN
> N.C. Bar No. 50731
> Telephone: (704) 925-6026
> Facsimile: (704) 946-6083
> E-mail: egoemann@seyfarth.com
> SEYFARTH SHAW LLP
> 121 West Trade Street, Suite 2020
> Charlotte, NC 28202
> *Counsel for Defendant*

THIS 11TH DAY OF MAY, 2020.

*Jordan Burke*

JORDAN BURKE
VENNUM PLLC

Case 3:20-cv-00019-FDW   Document 31-4   Filed 07/05/21   Page 16 of 16