UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:20-cv-00019-FDW

| | |
|---|---|
| WILLIAM F. MACKEY,<br><br>    Plaintiff,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>    Defendant. | DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DANNY NETHKEN'S STATEMENT REGARDING PLAINTIFF'S ELIGIBILITY FOR PROMOTION |

Defendant WELLS FARGO BANK, N.A., by its attorneys and pursuant to Section 4(d) of the Court's March 6, 2020 Case Management Order (Doc. 9), submits its Response to Plaintiff's Motion *in Limine* to Preclude Danny Nethken's Statement Regarding Plaintiff's Eligibility for Promotion (Doc. 37).

## ARGUMENT

While less than clear from Plaintiff Mackey's limited and otherwise deficient motion *in limine*, Wells Fargo surmises that Mackey is asking the Court to exclude all evidence, regardless of context, related to Operations Manager Danny Nethken's opinion that Mackey was not performing at a SOSS 4 level until 2017. Nethken was Mackey's manager and direct supervisor from January 2015 until his death in March 2020.

Mackey's motion should be denied for several reasons. First, Mackey does not identify the evidence he seeks to exclude with sufficient specificity. Mackey contends that "Nethken's statement that Plaintiff was entitled to a promotion as of March 2017" should be excluded. However, it is unclear from Mackey's motion when Nethken purportedly made this general statement, to whom, for what purpose, or whether it was recorded. Without such details, the

Court cannot determine the admissibility of the evidence. Mackey's motion should be denied for that reason alone. *Bouygues Telecom, S.A. v. Tekelec*, No. 4:05-CV-78-FL, 2007 WL 9718142, at *1 (E.D.N.C. Feb. 23, 2007) ("The evidence sought to be excluded on a motion in limine must be identified with a level of specificity which permits the court to make the appropriate determination."); see also *A.Hak Indus. Servs. BV v. Techcorr USA, LLC*, No. 3:11-CV-74, 2014 WL 12591696, at *1 (N.D. W. Va. Dec. 18, 2014) ("District courts routinely deny a motion in limine that does not specify the evidence or argument to be excluded because such a motion is premature.") (collecting cases).

Second, to the extent that Mackey requests that the specific statement set forth in his motion be excluded, Wells Fargo does not intend to present such statement as evidence at the trial. Indeed, Wells Fargo is not aware of any evidence that shows that Nethken ever stated Mackey was "entitled" to a promotion to SOSS 4 in March 2017. Wells Fargo may, however, introduce specific, admissible evidence that shows that Nethken viewed Mackey's performance as being below the SOSS 4 level prior to 2017. To the extent Mackey's motion attempts to create a generalized statement that purports to summarize various pieces of admissible evidence, and then asks the Court to exclude such a statement, his motion should be denied.

Third, to the extent Mackey's motion refers, albeit opaquely, to Wells Fargo Employee Relations Senior Consultant Shannon Claytor's investigation notes regarding her interview of Nethken, these are records of regularly conducted activity by Wells Fargo, which are excluded from the rule against hearsay by Federal Rule of Evidence 803(6). In Claytor's notes from her interview of Nethken, she wrote:

> When I came in January 2015, William was a low performer so at that point, he was not going to be promoted to a level IV because he was not ready for that. Then I really worked with him and over time he seemed

- 2 -

much more serious about his career and he improved rapidly over the last 2 to 3 years and around last review time is when I felt like he was definitely working at a level IV.

(Def.'s Trial Ex. No 10; Doc. 24 at 8). Claytor's notes are records of a regularly conducted activity because they were: (i) were made at or near the time of her interview of Nethken; (ii) kept in the course of a regularly conducted activity of Wells Fargo; and (iii) part of a regular practice of Claytor's interviews. Fed. R. Evid. 803(6). Claytor will testify accordingly about her interview of Nethken and her investigation notes at trial. This evidence clearly falls within the hearsay exception for records of a regularly conducted activity and should not be excluded.

Fourth, Nethken's statements regarding Plaintiff's performance should not be excluded as inadmissible hearsay because they will be offered for reasons other than proving the truth of Nethken's opinion regarding when Mackey began performing as a SOSS 4. Rather, the statements will be offered to show Nethken's state of mind and the effect of his statements on the individuals with whom Nethken shared his opinion - namely Claytor as well as Nethken's managers - who were the decision makers in connection with Mackey's retroactive promotion, salary increase, retroactive lump sum pay, and merit increase. In other words, these statements will be offered by Wells Fargo to prove that there was no discriminatory intent whatsoever in connection with the employment actions that Mackey challenges by demonstrating the state of mind of Nethken and the other relevant decision makers in this action. Such evidence is not hearsay. Fed. R. Evid. 803(3).

In *Abercrombie v. Stone*, 57 F.3d 1065, 1995 WL 352484 (4th Cir. 1995), the Fourth Circuit held that evidence of out-of-court statements concerning the substandard work performance of the plaintiff-appellant was not hearsay because it was not offered to prove the truth of the matter asserted, but instead to demonstrate that the employer's decision maker "did

not act with discriminatory intent in ordering the challenged employment action." *Abercrombie*, 1995 WL 352484, at *1. *See also Arrington v. E.R. Williams, Inc.*, 490 F. App'x 540, 543 (4th Cir. 2012) ("Where, as here, 'third-party statements concerning the plaintiff's performance are offered not for the truth of the matters asserted therein, but as an explanation of why [the employer] believed that terminating the plaintiff's employment ... was necessary and appropriate,' evidentiary rules governing the consideration of hearsay are not implicated.") (citation omitted); *Pope v. Vilsack*, No. 1:11CV946, 2013 WL 2468348, at *4 (M.D.N.C. June 7, 2013) ("To the extent that Defendant contends it is not offering the statements made regarding Plaintiff's prior work performance for the truth of the matter asserted, but rather to show what effect, if any, such statements had on the person who heard them, the challenged statements would not constitute hearsay under the Federal Rules of Evidence.").

Finally, even if the Court finds that this evidence is hearsay, it should still be admitted under Federal Rule of Evidence 807. Under Rule 807(a), a hearsay statement is not excluded where:

> (1) the statement is supported by sufficient guarantees of trustworthiness--after considering the totality of circumstances under which it was made and evidence, if any, corroborating the statement; and
>
> (2) it is more probative on the point for which it is offered than any other evidence that the proponent can obtain through reasonable efforts.

Fed. R. Evid. 807(a). Per the Advisory Committee Notes on the 2019 amendments to Rule 807, "the focus for trustworthiness is on circumstantial guarantees surrounding the making of the statement itself." Fed. R. Evid. 2019 Advisory Committee Notes. Here, Nethken's statements regarding Mackey's job performance were made to Claytor as part of Wells Fargo's investigation of Mackey's claims about his salary. The statements thus have "sufficient

guarantees of trustworthiness." Fed. R. Evid. 807(a)(1). Due to Nethken's death in March 2020, Claytor's notes from her interview and Nethken's e-mail to Claytor during the course of her investigation are the only obtainable evidence of his assessment of Mackey's job performance. This evidence, therefore, is more probative of Nethken's evaluation of Mackey's job performance than any other evidence that can be obtained through reasonable efforts and falls under the residual exception to hearsay. Fed. R. Evid. 807(a).

WHEREFORE, Wells Fargo respectfully requests that the Court deny Plaintiff's Motion *in Limine* to Preclude Danny Nethken's Statement regarding Plaintiff's Eligibility for Promotion.

Respectfully submitted,

WELLS FARGO BANK, N.A.


By: /s/ *Frederick T. Smith*
    Frederick T. Smith
    North Carolina Bar No. 45229
    SEYFARTH SHAW LLP
    121 West Trade Street, Suite 2020
    Charlotte, North Carolina 28202
    Telephone: (704) 925-6023
    Facsimile: (704) 559-2425
    E-mail: fsmith@seyfarth.com

    Ethan Goemann
    North Carolina Bar No. 50731
    SEYFARTH SHAW LLP
    121 West Trade Street, Suite 2020
    Charlotte, North Carolina 28202
    Telephone: (704) 925-6026
    Facsimile: (704) 946-6083
    E-mail: egoemann@seyfarth.com

Gerald L. Pauling, *pro hac vice admission*
SEYFARTH SHAW LLP
233 W. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: gpauling@seyfarth.com

Attorneys for Defendant

Date: July 8, 2021

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Case No. 3:20-cv-00019-FDW

WILLIAM F. MACKEY,

    Plaintiff,

v.                                      **CERTIFICATE OF SERVICE**

WELLS FARGO BANK, N.A.,

    Defendant.
_____/

I hereby certify that on July 8, 2021, I filed a true and correct copy of DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION *IN LIMINE* TO PRECLUDE DANNY NETHKEN'S STATEMENT REGARDING PLAINTIFF'S ELIGIBILITY FOR PROMOTION with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

        Alesha S. Brown
        Justice In Action Law Center
        521 Briar Creek Road
        Charlotte, North Carolina 28205

        */s/ Frederick T. Smith*
        Frederick T. Smith
        North Carolina Bar No. 45229
        Attorney for Defendant