UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
Civil Action No. 3:20-CV-00019-FDW

| | |
|---|---|
| WILLIAM F. MACKEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>WELLS FARGO BANK, )<br>)<br>Defendant. )<br>)<br>)<br>) | **PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER PRECLUDING PLAINTIFF FROM PRESENTING EVIDENCE REGARDING PUNITIVE DAMAGES** |

NOW COMES Plaintiff William Mackey (hereinafter "Plaintiff") by and through the undersigned counsel, and pursuant to Rule 60 of the Federal Rules of Civil Procedure and submits this Motion for Reconsideration of Order Precluding Plaintiff from Presenting Evidence Regarding Punitive Damages.

## ARGUMENT

Plaintiff has a seventh amendment right to a trial by jury on all of his claims and has not waived his right to such.

Pursuant to the jury instructions, in order to prove punitive damages:

" To be entitled to an award of punitive damages, Mackey must prove by a preponderance of the evidence that Wells Fargo acted with either malice or with reckless indifference toward Mackey's federally protected rights. Specifically, Mackey must show that an employee of Wells Fargo, acting in a managerial capacity, either acted with malice or with reckless indifference to Mackey's federally protected rights.

1

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Wells Fargo gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished.

To show that Wells Fargo acted with malice, Mackey must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Mackey anyway. To show that Wells Fargo acted with reckless indifference to Mackey's federally protected rights, Mackey must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle Mackey to an award of punitive damages; Mackey need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Wells Fargo acted with malice or with reckless indifference to Mackey's federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Wells Fargo engaged in a pattern of discrimination toward its employees; (2) whether Wells Fargo acted spitefully or malevolently; (3) whether Wells Fargo showed a blatant disregard for civil legal obligations; (4) whether Wells Fargo failed to investigate reports of discrimination; (5) whether Wells Fargo failed to take corrective action concerning discriminatory acts or comments by its employees; and (6) whether the person accused of discrimination was included in the employer's decision making process concerning Mackey's promotion.

If you find that punitive damages should be assessed against Wells Fargo, you may consider the evidence regarding Wells Fargo's financial resources in fixing the amount of such damages."

Here, there are admissions all throughout documents where Defendant's managerial employees unequivocally state they are treating Plaintiff differently, that Plaintiff repeatedly brought the issue to management for years and nothing was done about it. Plaintiff has also testified that any actions made by Defendant were insufficient and only occurred because and after he filed

a charge with the Equal Employment Opportunity Commission ("EEOC"), despite Plaintiff bringing forth the issue several times. There is evidence that Wells Fargo failed to investigate Plaintiff's complaints until after he filed an EEOC Charge. There is also evidence that Wells Fargo has not taken true corrective action to make Plaintiff's pay equal or promote Plaintiff. Based on these facts and more, Plaintiff can present evidence that Wells Fargo's managers acted with reckless indifference toward Plaintiff's federal protected rights. As such, Plaintiff is entitled to have his punitive damages claim tried by the jury in this case.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Reconsideration of Order Precluding Plaintiff from Presenting Evidence Regarding Punitive Damages should be GRANTED.

Respectfully submitted this is the 14th day of July, 2021,

**JUSTICE IN ACTION LAW CENTER**

*/s/Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER PRECLUDING PLAINTIFF FROM PRESENTING EVIDENCE REGARDING PUNITIVE DAMAGES** was delivered to the Clerk of Court on the date below using the CM/ECF Filing system, and shall deliver a copy of the same to counsel of record addressed as follows:

Frederick T. Smith
Seyfarth Shaw LLP
fsmith@seyfarth.com
**Attorney for Defendant Wells Fargo**

Ethan Goemann
Seyfarth Shaw LLP
egoemann@seyfarth.com
**Attorney for Defendant Wells Fargo**

Respectfully submitted this is the 14th day of July, 2021,

**JUSTICE IN ACTION LAW CENTER**

*/s/: Alesha S. Brown*
Alesha S. Brown, NC Bar # 53000
521 Briar Creek Road
Charlotte, NC, 28205
P: (704) 500-0197
F: (704) 500-0197
abrown@justiceinactionlaw.com
*Attorney for Plaintiffs*