# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### Case No. 3:20-cv-00019-FDW

WILLIAM F. MACKEY,

       Plaintiff,

v.

WELLS FARGO BANK, N.A.,

       Defendant.

_____/

**DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS ORAL MOTION TO QUASH SUBPOENA NUNC PRO TUNC**

Defendant WELLS FARGO BANK, N.A., by its attorneys and pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure and Local Civil Rule 7.1, hereby submits its Memorandum of Law in Support of its Oral Motion to Quash Subpoena Nunc Pro Tunc.

## <u>ARGUMENT</u>

This Court issued a Case Management Order on March 6, 2020 that states in relevant part:

> **Trial Subpoenas**.  Counsel must subpoena all witnesses at least fourteen (14) calendar days before the first day of the trial term during which the case has been calendared.  The Court may elect not to enforce subpoenas that have not been issued in compliance with this deadline or, if requested, may quash subpoenas that have not been issued in compliance with this deadline.

(Doc. 9 at 13).  On February 17, 2021, this case was set for the trial term starting on July 12, 2021 (Doc. 29).  Accordingly, the deadline for the parties' counsel to subpoena witnesses to testify at trial was June 28, 2021.  On July 15, 2021, during the second day of the trial in this action, Mackey's counsel attempted to serve a subpoena on Brandi Dotson, a Wells Fargo employee who Wells Fargo intends to call as a witness as part of its defense, by handing the

subpoena to Wells Fargo's counsel.  Ms. Dotson is listed as a witness on Wells Fargo's exhibit lists, but not on Mackey's exhibit lists.  (*See* Docs. 24, 46, 48.)

The subpoena Mackey's counsel attempted to serve on Ms. Dotson should be quashed for several reasons.  First, Mackey's counsel did not subpoena Ms. Dotson by the June 28, 2021 deadline.  Mackey's counsel's failure to comply with the deadline in the Court's Case Management Order is yet another example of their trial by ambush tactics that, without Court intervention, would severely prejudice Wells Fargo's ability to prepare for and defend itself at trial.  *See Karagiannopoulos v. City of Lowell,* No. 3:05-CV-401-FDW-DCK, 2008 WL 948261, at *2 (W.D.N.C. Apr. 2, 2008) (granting motion to quash on the ground that it was untimely).

Second, the subpoena requires Ms. Dotson to comply beyond the geographical limits specified in Rule 45(c).  Fed. R. Civ. P. 45(c), 45(d)(3)(A)(ii).  Ms. Dotson resides in Florida, is employed by Wells Fargo in Florida, and regularly transacts business in person in Florida.  Ms. Dotson does not reside in North Carolina, she is not employed in North Carolina, and she does not regularly transact business in North Carolina.  Moreover, this Court is not located within 100 miles of where Ms. Dotson resides, is employed, or regularly transacts business in person.  Thus, Ms. Dotson may not be commanded by subpoena to testify at trial by Mackey's counsel.  Fed. R. Civ. P. 45(c), 45(d)(3)(A)(ii).

Third, even if the subpoena was timely served and could compel Ms. Dotson to testify, Mackey's counsel failed to complete and execute, under penalty of perjury, the proof of service nor did they tender to Ms. Dotson the fees for the attendance and mileage.  Counsel's failure to properly record their attempt to serve Ms. Dotson, no matter how flawed such service was, and to tender her fees and mileage to her mandates that the subpoena be quashed.  *See Bowers v.*

*Buchanan,* 110 F.R.D. 405, 406 (S.D. W. Va. 1986) (failure to tender fees for attendance and mileage is a valid ground to quash subpoena).

In sum, Mackey's counsel abused the subpoena power conferred on them by the Rules of Civil Procedure and the Court, and the subpoena they attempted to serve on Ms. Dotson should be quashed. *See Bowers*, 110 F.R.D. at 406 (in quashing a subpoena served on a non-party for documents, the court stated that "[o]ne reason for the restrictive interpretation is the potential for abuse of the subpoena. The subpoena invokes the power of the Court and, therefore, has the capacity to disrupt the lives of nonparties."); *cf. United States v. Binh Tang Vo*, 78 F. Supp. 3d 171, 176 (D.D.C. 2015) ("Because subpoenas are issued with the Court's seal and backed by the threat of court-imposed sanctions, '[t]he mere fact that an attorney abuses the subpoena power directly implicates the court itself and creates an embarrassment for the institution.'") (citation omitted).

WHEREFORE, upon oral motion of Wells Fargo on July 15, 2021 to quash the subpoena that Mackey's counsel attempted to serve on Brandi Dotson, Wells Fargo requests that the Court grant its motion nunc pro tunc and issue a written Order quashing the subpoena and granting any other relief the Court deems to be appropriate.

Respectfully submitted,

WELLS FARGO BANK, N.A.

By: */s/ Frederick T. Smith*
    Frederick T. Smith
    North Carolina Bar No. 45229
    SEYFARTH SHAW LLP
    121 West Trade Street, Suite 2020
    Charlotte, North Carolina 28202
    Telephone: (704) 925-6023
    Facsimile: (704) 559-2425
    E-mail: fsmith@seyfarth.com

Ethan Goemann
North Carolina Bar No. 50731
SEYFARTH SHAW LLP
121 West Trade Street, Suite 2020
Charlotte, North Carolina 28202
Telephone: (704) 925-6026
Facsimile: (704) 946-6083
E-mail: egoemann@seyfarth.com

Gerald L. Pauling, *pro hac vice admission*
SEYFARTH SHAW LLP
233 W. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: gpauling@seyfarth.com

Attorneys for Defendant

Date: July 16, 2021

WILLIAM F. MACKEY,

        Plaintiff,

v.                                       **CERTIFICATE OF SERVICE**

WELLS FARGO BANK, N.A.,

        Defendant.

_____/

        I hereby certify that on July 16, 2021, I filed a true and correct copy of DEFENDANT'S

MEMORANDUM OF LAW IN SUPPORT OF ITS ORAL MOTION TO QUASH SUBPOENA

NUNC PRO TUNC with the Clerk of the Court using the CM/ECF system, which will

automatically send e-mail notification of such filing to the following attorneys of record:

        Alesha S. Brown
        Justice In Action Law Center
        521 Briar Creek Road
        Charlotte, North Carolina  28205

        Charles W. Hands III
        Hands Law Office, PLLC
        3558 North Davidson Street
        Charlotte, North Carolina 28205

                            */s/*_____
                            Frederick T. Smith
                            North Carolina Bar No. 45229
                            Attorney for Defendant