UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:20-cv-19-FDW

| WILLIAM F. MACKEY, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| WELLS FARGO BANK, N.A., | ) | |
| Defendant. | ) | |

THIS MATTER is before the Court following the Court's declaration of a mistrial after the jury declared it could not reach a verdict. As part of that oral ruling, the Court calendared this matter for trial on the Court's September 13, 2021, term. **The parties shall appear at docket call at 9:00 a.m. on Monday, September 13, 2021, and be prepared to select a jury and proceed with trial on Tuesday, September 14, 2021.**

Given the significant resources already consumed by the Court and the parties in the first trial and given the Court's observations in the first trial, which lasted four days notwithstanding the parties' original estimate of two days (see Doc. No. 8, p. 4), the Court finds the imposition of time limits for the presentation of opening statements, evidence, and closing arguments is necessary and appropriate in the retrial of this case. In so finding, the Court has balanced the interests of justice as well as the parties in this case, including the need for improved efficiency in the presentation of evidence while also ensuring the fundamental fairness to each party at trial. See Raynor v. G4S Secure Sols. (USA), Inc., 805 F. App'x 170, 178 (4th Cir. 2020) ("Efficiency is an important value in our judicial system, but it is not the only one. There comes a point at which the pursuit of trial efficiency undermines the fundamental fairness of a trial."). After reviewing

the witness and exhibit lists from the first trial, as well as the Court's own notes regarding the presentation of evidence during that trial (some of which was redundant and/or irrelevant), the Court finds that a **six-hour time limit per party** is reasonable and will allow each party to have a fair chance to present their case to the jury. The Court will exclude from the six-hour limitation any time used to make and resolve objections, unless it appears counsel is unreasonably abusing this exclusion, at which time the Court will provide counsel with a warning. Given the issuance of this Order nearly a month before trial, the Court is confident the parties have sufficient notice and adequate time to craft their case within the time limitations imposed herein.

The Court intends to use the same jury instructions from the previous trial with some organizational modification. The Court will also prepare a more-generalized verdict form to be used for this retrial. The Court will conduct a jury charge conference where it will entertain any proposed revisions or additional instructions that might be appropriate given the presentation of evidence in this retrial.

Should any party wish to renew any of the previously-filed motions in limine, those should be filed no later than September 1, 2021, with any responses thereto filed by September 6, 2021. The parties shall also submit witness lists and exhibit lists on the docket by September 6, 2021.

The Court finds that another pretrial conference in this matter is unnecessary and will instead address any case-specific issues regarding trial at docket call.

IT IS SO ORDERED.

Signed: August 12, 2021

Frank D. Whitney
United States District Judge